Matter of Rodriguez v State Univ. of N.Y. at Buffalo (2021 NY Slip Op 01679)





Matter of Rodriguez v State Univ. of N.Y. at Buffalo


2021 NY Slip Op 01679


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1171 TP 20-00640

[*1]IN THE MATTER OF SCOTLAND RODRIGUEZ, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






CIMASI LAW OFFICE, AMHERST (MICHAEL CHARLES CIMASI OF COUNSEL), AND LIPPES & LIPPES, BUFFALO, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frank A. Sedita, III, J.], entered May 26, 2020) to review a determination of respondent. The determination found that petitioner had violated respondent's student code of conduct. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, and the preliminary injunction entered February 13, 2020 is vacated.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a student at respondent State University of New York at Buffalo, seeks to annul a determination finding him responsible for violations of respondent's student code of conduct arising from incidents of stalking and failure to comply with a reasonable request. Following an administrative hearing and administrative appeal, respondent suspended petitioner for a period of a year and placed a notation on petitioner's transcript.
Initially, contrary to petitioner's contention, we conclude that respondent substantially adhered to its procedural rules during the disciplinary proceedings, and that the purported violations of those rules did not deny petitioner "the full panoply of due process guarantees to which he was entitled or render[ ] the finding of responsibility or the sanction imposed arbitrary or capricious" (Matter of Sharma v State Univ. of N.Y. at Buffalo, 170 AD3d 1565, 1566 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Mavrogian v State Univ. of N.Y. at Buffalo, 186 AD3d 975, 975 [4th Dept 2020]; Matter of Budd v State Univ. of N.Y. at Geneseo, 133 AD3d 1341, 1342-1343 [4th Dept 2015], lv denied 26 NY3d 919 [2016]).
We reject petitioner's contention that respondent denied him due process by allegedly failing to provide him with certain documentary evidence prior to the administrative hearing. Although " 'there is no general constitutional right to discovery in . . . administrative proceedings' " (Matter of Weber v State Univ. of N.Y., Coll. at Cortland, 150 AD3d 1429, 1431 [3d Dept 2017]), "due process entitles a student accused of misconduct to a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt" (Budd, 133 AD3d at 1343 [internal quotation marks omitted]). Here, we conclude that the record reflects that petitioner was provided with the documents relied upon by respondent in reaching its determination (see Mavrogian, 186 AD3d at 975-976; Matter of Brucato v State Univ. of N.Y. at Buffalo, 175 AD3d 977, 979 [4th Dept 2019]). To the extent that petitioner conclusorily contends that he was denied due process on the ground that he is unaware of what other evidence was provided to respondent but was not entered into evidence at the administrative hearing, we reject that contention because the existence of such other evidence is unsubstantiated by the record. Moreover, we note that at the administrative hearing, the [*2]hearing officers stated that they would rely only on those documents and testimony adduced at the hearing (see Budd, 133 AD3d at 1343). We also reject petitioner's contention that he was denied due process when respondent allegedly refused to permit him to call a live witness during the administrative hearing (see Brucato, 175 AD3d at 979; see also Matter of Jacobson v Blaise, 157 AD3d 1072, 1076 [3d Dept 2018]).
Petitioner failed to raise during the administrative proceedings his remaining contentions regarding the procedures followed by respondent, and we have no discretionary authority to review those contentions in this CPLR article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Sharma, 170 AD3d at 1567; Krupa v Stanford, 145 AD3d 1656, 1656 [4th Dept 2016]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. The evidence considered by respondent at the administrative hearing constituted " 'such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion' " that petitioner violated respondent's student code as charged by respondent (Sharma, 170 AD3d at 1567, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Mavrogian, 186 AD3d at 977). To the extent that there are inconsistencies or conflicts between the accounts provided by the complainant and petitioner, those divergences "presented credibility issues that were within the sole province of respondent to determine," and we perceive no basis to disturb respondent's findings (Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [3d Dept 2014], lv denied 23 NY3d 908
[2014]; see Brucato, 175 AD3d at 980; Sharma, 170 AD3d at 1567).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court